04-CV-01402-CMP

FILED ___ ENTERED
LODGED ___ RECEIVED

★ JUN 16 2004 ★

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

FILED ___ LODGED
___ RECEIVED

JUN 17 2004

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

  Plaintiff,

v.

PACIFIC NORTHWEST PARTNERS SBIC, L.P.,

  Defendant.

CV04-1402 RBL

Civ. Action No.

COMPLAINT FOR RECEIVERSHIP, INJUNCTION, AND MONEY JUDGMENT

COMES NOW Plaintiff, the United States, on behalf of its agency, the Small Business Administration, and for its cause of action states as follows:

### PARTIES, JURISDICTION AND VENUE

1. This is a civil action brought by the United States on behalf of its agency, the Small Business Administration (hereinafter, "SBA," "Agency" or "Plaintiff"), whose central office is located at 409 Third Street, S.W., Washington, D.C. 20416. The defendant has stipulated and consented to the entry of the requested relief in this civil action.

2. Jurisdiction is conferred on this Court by virtue of the Small Business Investment Act of 1958, as amended (hereinafter, the "Act"), Sections 308(d), 311, and 316; 15 U.S.C. §§ 687(d), 687c, 687h; and the Small Business Act, 15 U.S.C. § 634(b)(1); and 28 U.S.C. § 1345.

business at 2201 Third Avenue, Suite 2601, Seattle, Washington 98121. Venue is therefore proper under 15 U.S.C. §§ 687(d), 687h, and 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS AND APPLICABLE LAW

### SBA Licensing of PNP

4. PNP was licensed by SBA as a small business investment company ("SBIC") on September 19, 1994, SBA License No. 10/70-0189, under Section 301(c) of the Small Business Investment Act, 15 U.S.C. § 681(c), solely to do business under the provisions of the Act and the regulations promulgated thereunder.

5. Section 102 of the Act, 15 U.S.C. § 661, states that SBICs are intended to advance the interest of small businesses by providing financial assistance to small concerns.

6. The Agreement of Limited Partnership of PNP submitted to SBA expressly provides that PNP was organized solely for the purpose of operating under the Act and subject to regulations issued by SBA thereunder.

7. According to the most recent filings with SBA made by PNP pursuant to its obligation under applicable regulations to report financial and management information to SBA, the management of PNP consists of PNP/Wight Partnership (the "General Partner") as the sole general partner of PNP. The General Partner is responsible for the day to day functions and operations of PNP.

### Statutory and Regulatory Framework

8. Section 308(c) of the Act, 15 U.S.C. § 687(c), empowers SBA to prescribe regulations to carry out the provisions of the Act and to govern the operations of SBICs. SBA has duly promulgated such regulations, which are codified at Title 13 of the Code of Federal Regulations, Part 107 (the "Regulations").

9. Section 308(d) of the Act, 15 U.S.C. § 687(d), provides that upon determination and

1. 10. Section 311 of the Act, 15 U.S.C. § 687c, provides that upon a determination by SBA that a Licensee, or any other person, has engaged in or is about to engage in any acts or practices which constitute or will constitute a violation of the Act or of any Rule or Regulation promulgated pursuant to the Act, or of any order issued under the Act, then SBA may make application for an injunction, and such Court shall have jurisdiction of such action and grant a permanent or temporary injunction, or other relief without bond, upon a showing that such Licensee has engaged in or is about to engage in any such acts or practices. The Court may also appoint SBA to act as receiver for such Licensee.

### SBA Financing of PNP

11. In accordance with Section 303 of the Act, 15 U.S.C. §683b, SBA provided financing to PNP through the purchase of the following participating securities totaling $10,077,037:

| Number | Principal Amount | Issue Date |
| --- | --- | --- |
| 02009151-07 | $3,077,037 | August 28, 1996 |
| 02013551-07 | $4,000,000 | July 7, 1998 |
| 02021151-07 | $2,250,000 | January 14, 2000 |
| 02021152-05 | $750,000 | June 27, 2000 |

(hereinafter referred to collectively as the "Participating Securities").

12. The Participating Securities are expressly subject to and incorporated by reference in the Regulations, including but not limited to the provisions of 13 C.F.R. § 107.1820 through 1850 (1998-2004 Editions).

13. SBA determined that PNP had a condition of capital impairment.

14. By letter dated August 23, 2000 (the "Notice of Violation"), SBA directed PNP to cure its condition of capital impairment within 38 days or be placed in restricted operations.

15. PNP failed to cure its condition of capital impairment and by letter dated

## COUNT ONE

### CAPITAL IMPAIRMENT AND NON PERFORMANCE OF THE REQUIREMENTS OF A PARTICIPATING SECURITY

16. Paragraphs 1 through 15 are incorporated by reference as though set forth in their entirety herein.

17. Section 107.1830(b) of the Regulations provides that if a Licensee has a condition of Capital Impairment, it is not in compliance with the terms of its SBA-issued leverage. 13 C.F.R. § 107.1830 (2001).

18. Section 107.507(a) of the Regulations provides that nonperformance of any of the requirements of any Participating Security shall constitute a violation of the Regulations. 13 C.F.R. § 107.507 (2001).

19. PNP's violation of the Regulations for capital impairment and nonperformance of the requirements of a Participating Security entitles SBA to relief pursuant to 15 U.S.C. § 687c, including injunctive relief and appointment of SBA as Receiver of PNP.

20. To date, PNP has failed to cure its impairment. As of December 31, 2003, PNP valued its portfolio of assets at $8,911,100.

21. By letter dated September 23, 2002, PNP was notified that it had been transferred to liquidation status.

22. SBA provided financing to PNP in the principal amount of $10,077,037. As of December 31, 2003, the outstanding unpaid accrued prioritized payments totaled more than $2.6 million. PNP has failed to make any payments to SBA.

WHEREFORE, Plaintiff prays as follows:

A. That injunctive relief, both preliminary and permanent in nature, be granted restraining PNP, its general partner, managers, officers, agents, employees, and other persons acting in concert or participation therewith from: (1) making any disbursements of PNP's funds;

B. That this Court determine and adjudicate PNP's noncompliance with the requirements of the Participating Security and noncompliance and violation of the Act and the Regulations.

C. That this Court take exclusive jurisdiction of PNP and all of its assets, wherever located, appoint SBA as permanent receiver of PNP for the purpose of liquidating all of PNP's assets, satisfying the claims of creditors therefrom in the order of priority as determined by this Court, and pursuing causes of action available to PNP against third parties, as appropriate.

D. That this Court's order provide that PNP's license to operate as an SBIC shall be revoked upon the wind-up and conclusion of the receivership thereof.

E. That this Court grant such other relief as may be deemed just and equitable.

RESPECTFULLY submitted this 16th day of June, 2004.

JOHN MCKAY
UNITED STATES ATTORNEY

ROBERT P. BROUILLARD, WSBA #19786
Assistant United States Attorney
United States Attorney's Office
601 Union Street, Suite 5100
Seattle, Washington 98101-3903
Phone: (206) 553-7970
Fax: (206) 553-0114
E-mail: robert.brouillard@usdoj.gov

OF COUNSEL:

JOHN G. SILBERMANN
General Attorney
U.S. Small Business Administration
409 Third Street, Seventh Floor
Washington, DC 20416